IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN HOUSTON,

        Plaintiff,                    CV-06-1123-ST

    v.                              SUMMARY JUDGMENT
                                      ADVICE NOTICE

COUNTY OF WASHINGTON; MICHELE E.
HOUSTON, individually; ADAM SPANG,
individually; ROBERT B. WOLFE, individually;
DAVIDSON GREAVES, individually, JUAN
ELENES, individually,

        Defendants.

      Defendant County of Washington and defendants Davidson Greaves and Juan Elenes have filed Motions for Summary Judgment (docket ## 54, 55) by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

      Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact.

SUMMARY JUDGMENT ADVICE NOTICE

In other words, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

      DATED this 10th day of May, 2007.

/s_____
Janice M. Stewart
United States Magistrate Judge

SUMMARY JUDGMENT ADVICE NOTICE